UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS MIGUEL PORTILLO CAMPOS                                               PETITIONER

V.                                               CIVIL ACTION NO. 3:24-CV-317-KHJ-MTP

WARDEN WINGFIELD                                               RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

Pro se Petitioner Luis Miguel Portillo Campos initiated this habeas action on May 31, 2024. Pet. [1]. At the time, he was incarcerated by the Bureau of Prisons. *Id.* at 1. On January 22, 2025, the Court ordered Portillo Campos to inform the Court of his correct inmate number and address by February 5. Order [3] at 1. Having received no response, the Court entered an [6] Order to Show Cause, directing Portillo Campos to show cause why the Court should not dismiss the case for failure to comply with the Court's [3] Order. [6]. The response was due March 5. *Id.* Portillo Campos again failed to respond, so the Court entered a [9] Second Order to Show Cause, giving him one more chance to comply. [9] at 1.[1] Portillo Campos did not respond, provide a change of address, or otherwise contact the Court.

---

[1] All [3, 6, 9] Orders were mailed to Portillo Campos's address of record, with one copy of each bearing inmate number "86414-509" and one copy of each bearing "86814-509." *See* [3] at 2; [6]; [9] at 1–2. All copies were returned as undeliverable, except the [9] Second Order to Show Cause, mailed with inmate number "86414-509." *See* Envelope [4]; Envelope [5]; Envelope [7]; Envelope [8]; Envelope [10].

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Portillo Campos multiple chances to comply. He has failed to do so or to provide a change of address. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to obey the Court's orders.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to "Luis Miguel Portillo-Campos, # 86414-509" and "Luis Miguel Portillo-Campos, # 86814-509" at his address of record.

SO ORDERED, this 17th day of April, 2025.

                                                        s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE